# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


SUKESH ROY,

                Plaintiff,            :         Case No. 3:07-cv-206

                                     District Judge Walter Herbert Rice

    -vs-                            Chief Magistrate Judge Michael R. Merz

                                :

ALBERTO GONZALES[1],
United States Attorney General, et al.,

                Defendant.

---

## REPORT AND RECOMMENDATIONS

---

        This case is before the Court on Defendants' Motion to Dismiss (Doc. No. 6). Plaintiff opposes the Motion (Doc. No. 7), Defendants have filed a Reply Memorandum in Support (Doc. No. 10), and Plaintiff has filed Supplemental Authority (Doc. No. 11).

        The case was referred to the undersigned magistrate judge in the Preliminary Pretrial Conference Order filed February 15, 2008 (Doc. No. 14). The reference was made pursuant to 28 U.S.C. § 636(b) and encompasses the instant Motion which, because it is classified as "dispositive," requires a report and recommendations, rather than a decision.

        Plaintiff, a citizen of Bangladesh currently residing in the United States, brought this action to compel Defendants to act on his Application to Register Permanent Resident or Adjust Status (Complaint, Doc. No. 1, ¶¶ 1, 2). He asserts the Court has subject matter jurisdiction over his claims

---

[1]The Court takes judicial notice that Michael Mukasey has succeeded Alberto Gonzales as Attorney General of the United States and it therefore automatically substituted for Mr. Gonzales as a defendant pursuant to Fed. R. Civ. P. 25(d). As is customary in this Court, the caption will not be amended to reflect the substitution.

under 28 U.S.C. §§ 1331, 1361, and 2201, and 5 U.S.C. §§ 701, et seq. *Id*. at ¶ 6.

## The Parties' Positions

Defendants moved to dismiss both under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. They assert that the authority to adjust an alien to permanent residence status is conferred on the Attorney General of the United States and rests in his discretion, including the amount of time he takes to act on an application, citing 8 U.S.C. § 1255(a). The statute does not impose, Defendants say, an obligation to act on an application within a certain period of time and therefore the Attorney General does not have an immediate duty to act on Plaintiff's application. Moreover, since the decision is discretionary and not ministerial, mandamus will not lie to compel an immediate decision.

Defendants concede that the Administrative Procedure Act authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Nevertheless, they assert, there is no unreasonable delay where the agency is gathering information necessary to make the decision.

Finally, Defendants note that 28 U.S.C. § 2201 does not itself confer subject matter jurisdiction, citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950). *See also Louisville & Nashville R.R. Co. v. Donovan*, 713 F. 2d 1243 (6th Cir. 1983). They assert Plaintiff has identified no interest protected by the Constitution or a federal statute or regulation and thus has not established jurisdiction under 28 U.S.C. § 1331.

**Analysis**

The parties have provided the Court with extensive analyses of their respective positions. Both admit that, as of the time they briefed the questions in the Motion, there was no controlling Sixth Circuit precedent and the authority in other jurisdictions was divided.

However, since the most recent filing in this case, District Judge Thomas Rose, in a lengthy and learned opinion, has decided that a plaintiff similarly situated to Plaintiff here is not entitled to relief either in the nature of mandamus or under the Administrative Procedures Act. *Fonov v. Gonzales*, 2007 U.S. Dist. LEXIS 71037 (S.D. Ohio, Sept. 25, 2007). In the absence of supervening case authority from the Supreme Court or the Court of Appeals, this Court is bound, under the doctrine of *stare decisis,* to follow decisions of its own judges. *United States v. Hirschhorn*, 21 F.2d 758 (S.D.N.Y. 1927); Henry Campbell Black, *The Law of Judicial Precedents*, §104 (1912).

On the basis of the *Fonov* decision, it is respectfully recommended the Court conclude that the Complaint fails to state a claim upon which relief can be granted and dismiss the Complaint without prejudice.

February 20, 2008.

s/ <b>Michael R. Merz</b><br>Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).